JUDGE LINDSAY
delivered the opinion oe the court.
By an act approved February 24, 1869 (Session Acts, 1869, vol. 1, page 42), the commissioners of the sinking fund were authorized and empowered to lease for a term of fifty years the slack-water improvements of the Kentucky River. Said commissioners were required, in awarding the lease “and in determining the goodness and worth of bids,” to have regard to the franchises already conferred upon the Kentucky River Navigation Company, and, other things being equal, were to give that corporation a preference in the bidding.
The 6th section of the act provides “ that if the lessee shall fail for sixty days after the award of said lease to commence in good faith the extension of slack-water improvements on said river, then the lease shall be forfeited to the commonwealth.”
By the 12th section “the state reserves the right to resume possession at any time of the property used in the navigation of the Kentucky River or convenient therefor, upon one year’s *10 notice first given to the lessees or owners, and after ascertaining and paying to the lessees or owners the full and fair value thereof.”
On the 26th of August, 1869, the commissioners leased the improvements to the Kentucky River Navigation Company for the full term of fifty years, and, in consideration of the property, rights, and advantages therein secured to it, said company, among other things, undertook and agreed “to commence within sixty days from this (that) time the extension of slack-water improvements on said river, by substantial and permanent locks and dams on said river; that is to say, by the construction of at least nine locks and nine dams thereon; and to use all proper diligence in completing the same. . . . And further, that the said company will abide by, perform, and discharge all the requisitions and duties imposed upon the lessees of the said improvements by the above-recited act of the general assembly.”
On the 30th of July, 1873, the commonwealth of Kentucky and the commissioners of the sinking fund instituted an action in the Franklin Circuit Court against the navigation company, charging that it had failed in the performance of a number of the conditions of the lease, and asking that the same should be adjudged and held to be forfeited, and that the commissioners should have the possession of the leased property restored to them.
The company demurred generally to this petition. Its demurrer was overruled; and it declining to plead, the circuit court rendered a judgment declaring “that said contract of lease be and the same is now set aside and held for naught, and that the defendant has forfeited any and all rights under and by virtue of said contract;” and it was further adjudged that the commissioners of the sinking fund are entitled to the immediate possession of the leased improvements; and a writ of possession was accordingly awarded them.
*11 This judgment is before us by appeal. The sole question is whether the facts set out in the petition authorized the relief granted.
The only condition of forfeiture provided for by the act under which the lease was executed is that contained in the 6th section. It is to the effect that if the lessees should fail for sixty days after the award of the lease to commence in good faith the extension of slack-water improvements on Kentucky River, then the lease should be void, and it was to be forfeited to the commonwealth. This is not a continuing condition; once being performed, the right of forfeiture was lost to the commonwealth, and subsequent defaults or breaches of contract by the company could subject it to no other penalties or losses than by the general laws and the principles of equity may be imposed upon the lessee of the same character of property who holds under an individual or private corporation.
The fact that the commonwealth is the lessor in no wise changes the rule by which the rights of the parties are to be determined.
The material averments of the petition are as follows:
Now the plaintiffs state that one of the conditions mentioned in said covenant is that the defendants “bind themselves to commence within sixty days from this time (26th day of August, 1869) the extension of slack-water improvements on the said river to the Three Forks on said river, by substantial locks and dams on said river; that is to say, by the construction of at least nine locks and nine dams thereon, and to use all proper diligence in completing the same.”
“ The plaintiffs aver that although the defendants did commence within sixty days after the 26th day of August, 1869, the extension of slack-water navigation on said river, by beginning work on a lock and dam above the present lock south of Frankfort, yet they aver that the defendants ceased work *12 altogether upon new locks and dams within ninety days from the 26th of August, 1869.”
It is further averred that the company has never resumed work, and it is charged that it is insolvent and wholly unable to comply with its contract.
It is to be noticed .that the petition shows that the company did commence within the prescribed time the work of extending the slack-water improvements on Kentucky River; and as there is no averment or intimation that this commencement was not in good faith, the necessary deduction is that the appellees did not mean to question that fact.
It is claimed, however, that a subsequent averment cures this defect. It is in this language: “ The plaintiffs aver that the defendants have violated their covenant in this, that they did not in good faith commence within said sixty days the construction of the said nine locks and nine dams, and did not continue to use proper diligence in completing the same.”
It has already been seen that the act of February 24,1869, did not require the company to commence within sixty days the construction of nine locks and dams, nor in fact any number of locks and dams; but that it should commence in good faith the extension of slack-water navigation. And it is to be observed that the lease does not provide for a forfeiture in any contingency whatever.
The fact that the company did commence such extension is not only not negatived by the appellees, but it is stated by them that the commencement was made within the prescribed time; and the good faith of the company is not only not questioned, but facts are stated in the petition which rebut any inference of want of good faith that might otherwise arise from the failure of the company to proceed to the completion of the work.
The commonwealth has the undoubted right to resume possession of the leased improvements by giving the notice and *13 complying with, the provisions of the 12th section of the act of February, 1869, and may no doubt have a rescission of the contract of lease for such reasons and upon such conditions as will authorize the interposition of a court of equity; but we are clearly of opinion that under the state of facts disclosed by the petition in this cause it is not entitled to enforce as against its delinquent lessee the harsh remedy of forfeiture provided for by the 6th section of the act in question.
Wherefore the judgment of the circuit court is reversed, and the cause remanded with instructions to sustain the general demurrer of appellant, and for further proper proceedings not inconsistent with the principles of this opinion.